# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BOVARIE<br>CDCR #J-39046,<br><br>                    Plaintiffs,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>                    Defendants. | Civil No.   08-1661 LAB (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE;**<br><br>**(2) DISMISSING DEFENDANTS SCHWARZENEGGER, CATES, TILTON, SMELOSKY, ALMAGER AND GIURBINO PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**<br><br>**AND**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO Fed.R.Civ.P. 4(c)(3) AND 28 U.S.C. § 1915(d)** |

## I.   Procedural History

Plaintiffs Marcus Bovarie, a state inmate currently incarcerated at Centinela State Prison in Imperial, California, and Wayne Wicken, proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on September 10, 2008. In this Complaint, Plaintiffs alleged that their Eighth Amendment right to be free from cruel and unusual punishment were violated when they received inadequate medical care.

Only one Plaintiff, Marcus Bovarie, submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. This Court granted Plaintiff Bovarie's Motion to Proceed *IFP* on October 24, 2008. *See* Oct. 24, 2008 Order at 6-7. However, the Court dismissed Plaintiff Wicken from this action because he failed to move to proceed *IFP* or pay the initial civil filing fee. (*Id.*) In addition, Plaintiff Bovarie was informed by the Court that he has no legal authority to represent the legal interest of any other party. *Id.* at 3; citing *Cato v. United States*, 70 F.3d 1103, 1105 n. 1 (9th Cir. 1995). The Court also sua sponte dismissed Plaintiff's claims against Schwarzenegger, Cates, Tilton, Smelosky, Almager and Giurbino because he sought to hold them liable in their supervisory capacities. *Id.* at 5. Plaintiff was granted leave to file a First Amended Complaint to correct the deficiencies of pleading identified by the Court. *Id.* at 7. On December 8, 2008, Plaintiff filed his First Amended Complaint ("FAC").[1]

**II.    Motion for Class Certification**

In his First Amended Complaint, Plaintiff seeks "certification of a class action lawsuit based on denial of medical care affecting all California Department of Corrections and Rehabilitation's prisoners." (FAC at 3.) However, the Court takes judicial notice of the class action found in *Plata v. Schwarzenegger*, N.D. Cal. Civil Case No. C-01-1351.[2] It appears that the class action Plaintiff is seeking is identical to the class action that already exists in the *Plata* case. Accordingly, the Court DENIES Plaintiff's request for class certification without prejudice.

**III.    Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

As the Court noted in its October 24, 2008 Order, the Prison Litigation Reform Act obligates the Court to review complaints filed by all persons proceeding IFP and those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or

---

[1] In his First Amended Complaint, Plaintiff, once again, appears to bring this matter on behalf of inmate Wicken. *See* FAC at 1. Plaintiff Wicken has been dismissed from this action and has neither filed a Motion to Proceed *IFP* nor paid the initial filing fee to permit him to proceed. Accordingly, the Court will not address any of the claims Plaintiff attempts to raise as to inmate Wicken as he is not a party to this action.

[2] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss prisoner and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(3).  *Id*. at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick,* 213 F.3d at 447; *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In his First Amended Complaint Plaintiff, once again, names as Defendants Arnold Schwarzenegger, the Governor of California, Matthew Cates, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), James Tilton, Former Secretary of the CDCR, Michael Smelosky, Warden for Centinela State Prison, V.M. Almager and G.J. Giurbino,

former Wardens of Centinela State Prison. Plaintiff alleges no direct involvement by any of these named Defendants with respect to the allegations of the inadequate medical care he personally received. Thus, it appears that Plaintiff is seeking to hold these Defendants liable in their supervisory capacity. However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)).

As Plaintiff was informed in the Court's October 24, 2008 Order, in order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). As a supervisor, a Defendant may only be held liable for the allegedly unconstitutional violations of his subordinates if Plaintiff alleges specific facts which show: (1) how or to what extent this supervisor personally participated in or directed Defendants' actions, and (2) in either acting or failing to act, the supervisor was an actual and proximate cause of the deprivation of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). However, Plaintiff's First Amended Complaint in no way sets forth facts which might be liberally construed to support an individualized constitutional claim against these Defendants.

Thus, the claims against Defendants Schwarzenegger, Cates, Tilton, Smelosky, Almager and Giurbino are dismissed for failing to state a claim upon which section 1983 relief can be granted.

As to the remaining Defendants, the Court finds that the Eighth Amendment claims now alleged in Plaintiff's Amended Complaint survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, Plaintiff is entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3)

(providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court . . . when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

**IV.    Conclusion and Order**

(1)    Plaintiff's Motion for Class Certification is **DENIED** without prejudice;

(2)    Plaintiff's claims against Defendants Schwarzenegger, Cates, Tilton, Smelosky, Almager and Giurbino are **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1).

**IT IS FURTHER ORDERED that:**

(3)    The Clerk shall issue a summons as to Plaintiff's First Amended Complaint [Doc. No. 6] upon the remaining Defendants and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, a certified copy of the Court's October 24, 2008 Order granting Plaintiff's Motion to Proceed IFP [Doc. No. 3], certified copies of his First Amended Complaint [Doc. No. 6] and the summons for purposes of serving each named Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

(4)    Defendants are thereafter **ORDERED** to reply to the First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other

1 correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

(5) Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

DATED: January 9, 2009

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge