1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   MARCUS BOVARIE, et al.,                CASE NO.  08cv1661-LAB
                                            (NLS)
12                          Plaintiffs,
                                            **ORDER ADOPTING IN PART**
13          vs.                             **AND REJECTING IN PART**
                                            **REPORT AND**
14   ARNOLD SCHWARZENEGGER, et              **RECOMMENDATION**
     al.,
15
                            Defendants.
16

17          Bovarie is a California prisoner currently incarcerated at Centinela State Prison.

18   Defendants are the Governor of California, the secretary and former secretary of the

19   California Department of Corrections and Rehabilitation, the warden and former

20   wardens of Centinela, and a number of doctors and medical staff at Centinela.  There

21   are eighteen defendants in all.  The essence of Bovarie's claim, which he brings as

22   a civil rights lawsuit under 42 U.S.C. § 1983, is that he received inadequate medical

23   care at Centinela.  The Court adopts the Report and Recommendation almost in its

24   entirety.

25   **I.     Procedural History**

26          Bovarie filed this lawsuit on September 10, 2008, and pursuant to 28 U.S.C. §

27   636(b) and Civil Local Rules 72.1(c) and (d) it was referred to Magistrate Judge Nita

28   Stormes for a Report and Recommendation ("R&R").  Because Bovarie is proceeding

1   pro se, the Court screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and

2   dismissed it for failure to state a claim. (Doc. No. 3.) *See Lopez v. Smith*, 203 F.3d

3   1122, 1126–27 (9th Cir. 2000) (en banc). Bovarie then filed his First Amended

4   Complaint ("FAC") (Doc. No. 6), which the Court again screened and dismissed, but

5   only as against certain defendants. (Doc. No. 8.) The remaining defendants then

6   moved to dismiss, some individually, some collectively, and it is their motions to

7   dismiss that the R&R addresses and that are now before the Court.

8         Three notable modifications were made to Bovarie's complaint as a result of the

9   Court's screenings pursuant to 28 U.S.C. § 1915(e)(2)(B). First, defendants

10   Schwarzenegger, Cates, Tilton, Smelosky, Almager, and Giurbino have been

11   dismissed without prejudice. Bovarie does not allege that any of these defendants

12   were directly involved in or responsible for the inadequate medical care he allegedly

13   received, and there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer*

14   *v. Sanderson*, 9 F.3d 1433, 1437–38 (9th Cir. 1993). Second, Wayne Wicken was

15   dismissed as a co-plaintiff because he failed to file a Motion to Proceed *In Forma*

16   *Pauperis*, and because Bovarie has no legal authority to represent him. Third,

17   Bovarie's motion for class certification was denied without prejudice. There is an

18   almost identical class action, *Plata v. Schwarzenegger*, already pending in the

19   Northern District of California. *See* N.D. Cal. Civil Case No. C-01-1351.

20         Judge Stormes issued her R&R on January 21, 2010. Both Bovarie and the

21   Defendants filed objections to it.

22   **II.     The R&R**

23         Bovarie is clear in the FAC that he is suing Defendants in their individual and

24   official capacities. The first conclusion of the R&R is that the Eleventh Amendment

25   immunizes Defendants from liability in their official capacities. *See Will v. Mich. Dep't*

26   *of State Police*, 491 U.S. 58, 71 n.10 (1989).

27         Next, the R&R concludes that Tetteh, Ko, and Hodge should be dismissed as

28   defendants, with prejudice, because Bovarie doesn't allege he had any contact with

1   them.  These are doctors who treated Wicken, and the Court has already dismissed

2   Wicken as a plaintiff in this case.

3        Then the R&R turns to Cook, Hammond, and Robinson, who it concludes can't

4   be accused of deliberate indifference to Bovarie's medical needs because they merely

5   reviewed and processed Bovarie's medical appeals by relying, in good faith, on the

6   opinions of the doctors who actually saw Bovarie.  The R&R recommends dismissing

7   Cook, Hammond, and Robinson with prejudice.

8        The R&R also concludes that Bovarie has pled sufficient facts to ground an

9   Eighth Amendment claim against Aymar, although this claim cannot be based upon

10   Aymar's allegedly inadequate medical licensing.

11        Finally, the R&R recommends allowing Bovarie's claims for injunctive relief to

12   go forward on the ground that Defendants haven't adequately shown why those claims

13   are subsumed by the *Plata* class action.

14   **III.    Legal Standards**

15        The Court reviews the R&R pursuant to Rule 72 of the Federal Rules of Civil

16   Procedure.  "The district judge must determine de novo any part of the magistrate

17   judge's disposition that has been properly objected to.  The district court may accept,

18   reject, or modify the recommended disposition; receive further evidence; or return the

19   matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  The district

20   judge "must review the magistrate judge's findings and recommendations de novo if

21   objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114,

22   1121 (9th Cir. 2003) (en banc).  The R&R itself warns that "failure to file objections

23   within the specified time may waive the right to raise those objections on appeal of the

24   Court's order."  (R&R at 17.)

25        Because Bovarie is a prisoner and is proceeding pro se, the Court construes

26   his pleadings liberally and affords him the benefit of any doubt.  *See Karim-Panahi v.*

27   *L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction

28   is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261

1  (9th Cir. 1992).  That said, "[p]ro se litigants must follow the same rules of procedure
2  that govern other litigants."  *King v. Atiyeh*, 814 f.2d 565, 567 (9th Cir. 1987).

3  **IV.   Discussion**

4       Although both parties filed objections to the R&R, not all of the R&R's
5  conclusions have been objected to.

6       Bovarie does not object to the dismissal of his claims against the Defendants
7  in their official capacity.  The Court agrees with the R&R that those claims should be
8  dismissed with prejudice.  Nor does Bovarie object to the dismissal of Tetteh, Ko, and
9  Hodge, the doctors who he alleges only treated Wicken.  Again, the Court agrees with
10  the R&R's analysis, and dismisses these defendants with prejudice.  The R&R
11  recommended dismissing Cook, Hammond, and Robinson, who oversaw Bovarie's
12  medical appeals but didn't actually treat him, and Bovarie objects only to the dismissal
13  of Cook.  Hammond and Robinson are therefore dismissed with prejudice.

14       Bovarie makes two other objections that don't relate to the R&R.  First, he
15  objects to the Court's dismissal, at the initial screening phase, of Schwarzenegger,
16  Tilton, Smelosky, Almager, Giurbino, and Cates –- all defendants the Court
17  determined could only be liable on a theory of respondeat superior that isn't
18  contemplated by 42 U.S.C. § 1983.  Second, Bovarie seeks the appointment of
19  counsel for himself and for Wicken, a request he's made throughout this litigation.

20       For Defendants' part, Aymar doesn't object to the R&R's conclusion that
21  Bovarie has stated an Eighth Amendment claim against her.  Aymar's motion to
22  dismiss is therefore denied in part and granted in part (to the extent Bovarie's claim
23  against her relies on her medical licensing).  Defendants do object, however, to the
24  R&R's suggestion that they haven't sufficiently shown why Bovarie's claims for
25  injunctive relief are being addressed in *Plata*.[1]

26  //

27

28       [1] To be clear, only Cook, Hammond, Barreras, Khatri, Calderon, Manaig, and
Navamani join in this objection.

1

**A.    Dismissal of Cook**

2      Cook is a Health Care Appeals Coordinator at Centinela, and Bovarie alleges

3 she "is and was responsible for all medical inmate appeals submitted by inmates at

4 CEN, providing medical care for all inmates at CEN, including but not limited to

5 diagnostics and testing." (FAC ¶ 23.)  She functions in a "'gate keeper' to medical

6 care role in which she personally diagnoses inmates to grant or deny appeals." (*Id.*)

7      It is not clear from the record that Cook personally diagnoses inmates. Rather,

8 the R&R describes her as a "fact-gathering employee with no medical training," whose

9 job it is to assess the legitimacy of an inmate's medical appeals by reviewing the

10 opinions of the doctors who treated them.  (R&R at 12.)  The problem for Bovarie is

11 that to be liable for the deprivation of his constitutional rights under 42 U.S.C. § 1983,

12 Cook must have performed an affirmative act, participated in another's affirmative

13 acts, or omitted to perform an act she is legally required to perform that made her

14 deliberately indifferent to his medical needs. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th

15 Cir. 1978).  In other words, "there must be a showing of personal participation in the

16 alleged rights deprivation." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  The

17 Court agrees with the R&R's conclusion that the mere good-faith and reasonable

18 review of other doctors' opinions cannot make Cook complicit in their alleged

19 indifference to Bovarie's medical needs.  (R&R at 11.)

20      Deliberate indifference lies somewhere between negligence and "conduct

21 engaged in for the very purposes of causing harm or with the knowledge that harm will

22 result," *Farmer v. Brennan*, 511 U.S. 825, 836 (1994).  To accuse Cook of deliberate

23 indifference, moreover, Bovarie must allege knowledge on her part that a substantial

24 risk of harm existed in her taking the medical reports she reviewed at their word. *Id.*

25 at 837-838.   The Court approves the R&R's conclusion, with respect to both of

26 Bovarie's medical grievances, that Cook reasonably relied on the opinions of Bovarie's

27 doctors, and could not have drawn the inference that a substantial risk of harm

28 threatened Bovarie by her doing so.  (R&R at 12–13.)

1  Bovarie's response to this is that Cook's very position is illegal, and that, in the

2  first instance, a non-doctor shouldn't be reviewing the opinions of doctors to assess

3  the merits of a medical appeal.  He claims Cook was deliberately indifferent by

4  > (1) performing this duty at all when it is painfully obvious she
5  > cannot, on her own, determine if care is sufficient; (2) by not
> taking her cases to a doctor (or anyone) to review before
> denied relief, and medical care, on her own insufficient
6  > opinion — an opinion she knew or should have known was
> insufficient to make a medical decision for Plaintiff.  (Obj. to
7  > R&R at 6.)

8  These allegations, even assuming they are true, are insufficient to support the charge

9  that Cook was deliberately indifferent to Bovarie's health.  Bovarie's grievance isn't

10  with Cook, really, as much as the regime of medical treatment at Centinela that

11  entrusts a non-physician with the responsibility of reviewing medical records and

12  processing appeals.  Bovarie's objection to Cook's dismissal is therefore overruled,

13  and she is dismissed with prejudice from this case.

14  **B.  Dismissal of Schwarzenegger, Tilton, Smelosky, Almager, Giurbino,**
     **and Cates**

15

16  Schwarzenegger (Governor of California), Tilton and Cates (secretaries of the

    California Department of Corrections and Rehabilitation), and Smelosky, Almager, and
17
    Giurbino (wardens of Centinela) were dismissed from this lawsuit at an early stage.
18
    Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court screens all IFP complaints for failure
19
    to state a claim, and it twice determined that Bovarie alleged no direct involvement by
20
    any of these Defendants in the medical care he received and was attempting to hold
21
    them liable in their supervisory capacity.  (*See* Doc. Nos. 3, 8.)  Under 42 U.S.C. §
22
    1983, however, there is no respondeat superior liability.  *Palmer*, 9 F.3d at 1437–38.
23
    Bovarie challenges the dismissal of Schwarzenegger, Tilton, Cates, Smelosky,
24
    Almager, and Giurbino in his objection to the R&R.[2]
25

26  _____

27  [2] The R&R does not address the place of Schwarzenegger, Tilton, Cates,
    Smelosky, Almager, and Giurbino in this lawsuit.  The Court — not Magistrate Judge
28  Stormes — dismissed these defendants pursuant to an initial screening of the FAC
    under 28 U.S.C. § 1915(e)(2)(B). Bovarie could have sought leave to amend the FAC
    to allege facts sufficient to include these defendants, but he did not.  Therefore, the

1    These Defendants cannot be held liable under section 1983 just because their

2    job description includes the oversight of the prison where Bovarie is incarcerated.

3    That is what it means, in this context, to say there is no respondeat superior liability.

4    However, a supervisory official may be liable under section 1983 if he personally

5    participated in the constitutional deprivation alleged, or if there was a sufficient causal

6    connection between the supervisor's conduct and the deprivation. *Redman v. County*

7    *of San Diego*, 942 F.2d 1435, 1446–47 (9th Cir. 1991). Ultimately what matters is that

8    defendants can be said to have caused the deprivation. *Galen v. County of Los*

9    *Angeles*, 477 F.3d 652, 659 (9th Cir. 2007); *see also Duffy*, 588 F.2d at 743–44

10   ("Personal participation is not the only predicate for section 1983 liability. Anyone who

11   'causes' any citizen to be subjected to a constitutional deprivation is also liable.").

12   That causal connection can be established in a number of ways. If a supervisor

13   implements or oversees a policy that gives constitutional rights undue consideration

14   and sets the wheels in motion for their trampling, he can be liable. *Cunningham v.*

15   *Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000). If a supervisor fails to train or oversee

16   subordinates who go on to violate another's constitutional rights, he can be liable. *Id*.

17   If a supervisor acquiesces in the deprivation of a constitutional right of which a

18   complaint is made, he can be liable. *Id*. "The inquiry into causation must be

19   individualized and focus on the duties and responsibilities of each individual defendant

20   whose acts or omissions are alleged to have caused a constitutional deprivation."

21   *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

22   //

23

_____

24   Court interprets Bovarie's objection to their dismissal not as an objection to the R&R
     but as a request for leave to amend his FAC. Rule 15 of the Federal Rules of Civil
25   Procedure mandates that leave to amend "be freely given when justice so requires."
     Fed. R. Civ. P. 15. "This policy is to be applied with extreme liberality." *Eminence*
26   *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). *See also Foman*
     *v. Davis*, 371 U.S. 178, 182 (1962) (implying leave to amend should be granted in the
27   absence of undue delay, bad faith or dilatory motive, or undue prejudice to the
     opposing party or futility of amendment). The Court needn't grant leave to amend,
28   however, if amendment would be futile. *Gardner v. Martino*, 563 F.3d 981, 990 (9th
     Cir. 2009).

An Eighth Amendment violation occurs when prison officials are deliberately indifferent to a prisoner's medical needs. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004); *see also Leer*, 844 F.2d at 633 ("A prisoner can state a section 1983 claim against prison personnel under the eighth amendment by establishing that the prison personnel acted with 'deliberate indifference' in creating the condition that violates the eighth amendment."). To act with deliberate indifference, a prison official must *know of and disregard* an excessive risk to inmate health and safety. *Toguchi*, 391 F.3d at 1057 (internal citation omitted). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Id*. (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

Bovarie alleges that Schwarzenegger "failed to provide adequate funding and legislation for adequate health care in California's prisons" and "allowed overcrowding in California's prisons to reach such a severe degree that the provision of adequate health care to California's prisoners is an impossibility." (Obj. to R&R at 2.) Likewise, Bovarie alleges that Cates and Tilton, secretaries of the California Department of Corrections and Rehabilitation, allowed overcrowding to infringe on the provision of adequate health care, "failed to contract with adequate health care providers," "failed to establish adequate statewide protocol for the supervision and training of medical personnel," and "failed to provide adequate medical facilities and medical staff for CDCR's prisons." (Obj. to R&R at 2–3.) Finally, Smelosky, Almager, and Giurbino, Wardens of Centinela, "failed to establish adequate screening of private health care providers," "failed to establish adequate protocol for the provision of health care to inmates of Centinela," "failed to establish adequate protocol for the supervision and training of Centinela . . . medical personnel," and failed to train and supervise those responsible for health care. (Obj. to R&R at 3–4.) Bovarie makes essentially the same allegations in the FAC. He accuses each of these Defendants of being deliberately indifferent to inmates' medical needs and grossly negligent in supervising

1  their medical care, as well as overseeing certain policies and practices that they knew

2  would create an excessive risk to inmate health and safety.  (FAC at ¶¶ 127–134.)

3      Bovarie is obviously attempting to bring the dismissed Defendants into this

4  lawsuit by pleading around the problem that there is no respondeat superior liability

5  under section 1983.  He comes up short.

6      First, Bovarie pleads no factual content that allows the Court to draw the

7  inference that the Defendants violated his Eighth Amendment rights.  *See Ashcroft v.*

8  *Iqbal*, 129 S.Ct. 1937, 1949 (2009).  He is  clearly familiar with the law on suing prison

9  officials under section 1983, but when he accuses the Defendants, for example, of

10 enforcing policies and procedures "that they knew or should have known would deny

11 medical care to CDCR inmates creating an excessive risk to inmate health and

12 safety," (*see, e.g.*, FAC at ¶ 131) he is merely reciting, in a conclusory manner, the

13 elements of a cause of action.  This is inadequate.  *Iqbal*, 129 S.Ct. at 1949.

14     Second, Bovarie outlines in broad strokes the alleged administrative failures of

15 the Defendants to care for the medical needs of prisoners, but he doesn't even hazard

16 an explanation as to how these alleged failures *caused* the deprivations of which he

17 complains.  He has to hazard one, however, if he cannot allege that they actually

18 participated in the deprivations that are the subject of his lawsuit.  *Duffy*, 588 F.2d at

19 743–44. Moreover, *Leer* establishes that the causal link between a defendant's action

20 or inaction and a constitutional deprivation be specific to that particular defendant, but

21 Bovarie's claims against Schwarzenegger, Tilton, Cates, Smelosky, Almager, and

22 Giurbino are identically, and formulaically, pled. (*See* FAC at ¶¶ 127–34.)  There is

23 nothing in the FAC that connects his general claim that the Defendants oversee poor

24 medical care in California prisons with his specific claim that his Eighth Amendment

25 rights were violated because the doctors who treated him were deliberately indifferent

26 to his well being.

27     At best, Bovarie's allegations against Schwarzenegger, Cates, Tilton, Smelosky,

28 Almager, and Giurbino state a claim for supervisory liability, and there is no such

1    liability under section 1983. Rather, he must allege and *plead facts to show* that the

2    Defendants, as prison administrators, were deliberately indifferent to Bovarie's treating

3    physicians' own alleged deliberate indifference to Bovarie's health.[3]  That is a high

4    pleading standard that Bovarie has proven himself unable to meet. The Court stands

5    by its dismissal of these Defendants at the screening phase of this lawsuit. Bovarie

6    objected to their dismissal in his objection to the R&R, which the Court explained it

7    would regard, charitably, as a request for leave to amend the FAC. That request is

8    denied.  The Court concludes amendment to include these Defendants would be

9    futile, and they are again dismissed, this time with prejudice.[4]

10           **C.     Bovarie's Request for Counsel**

11           Bovarie requested counsel in the FAC, but he never made this request in a

12   formal motion for the Court to consider. (*See* FAC at V.) In his objection to the R&R,

13   Bovarie again asks for counsel, for himself and for Wicken. Wicken has been

14   dismissed from this lawsuit for the reasons given above, so the request as to him is

15   denied.

16           Prisoners have no right to counsel in civil actions, unless their physical liberty

17   is at stake. *Lassiter v. Dep't of Soc. Serv.'s of Durham County, N.C.*, 452 U.S. 18, 25

18   (1981).  It is, however, within the Court's discretion to appoint counsel when the

19   interests of justice so require. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330–31 (9th

20   Cir. 1986).  Thus far, Bovarie appears to be on top of this case and to be plenty

21   capable of litigating it himself. His pleadings are clear and intelligible, too, indicating

22

23           [3] This is the point of the holding in *Leer* that "[a] prisoner can state a section
     1983 claim against prison personnel under the eighth amendment by establishing that
24   the prison personnel acted with 'deliberate indifference' in creating the condition that
     violates the eighth amendment." *Leer*, 844 F.2d at 633.
25

26           [4] Although the Court's analysis has focused on Bovarie's section 1983 claim
     against the Defendants, it also concludes that Bovarie's claim against them pursuant
27   to California Government Code section 845.6 should be dismissed. Section 845.6
     holds public employees liable if they know or have reason to know that a prisoner
28   needs immediate medical care and fail to take action. Cal. Gov. Code. § 845.6.
     There is no allegation in Bovarie's complaint that the Defendants knew or should have
     known of Bovarie's medical needs in particular.

1  he has a sufficient grasp of the issues this case involves and the hurdles he must

2  clear to see it move forward.  The request for counsel is denied.

3       **D.**    **Relevance of *Plata***

4       Defendants Ko, Cook, Hammond, Barreras, Khatri, Calderon, Manaig, and

5  Navamani moved to dismiss Bovarie's claims for injunctive relief on the ground that

6  a pending class action, *Plata v. Schwarzenegger*, already covers those claims.  *See*

7  N.D. Cal. Civil Case No. C-01-1351.  The R&R concludes that the Court can't take

8  judicial notice of *Plata*, however, because the Defendants have only provided the case

9  number, not a copy of the docket sheet and operative complaint.  (R&R at 16.)

10  Without these, the R&R explains, "the court cannot compare the relief sought in that

11  case to the relief Bovarie requests here."  (*Id.*)  Defendants filed an objection to the

12  R&R on this issue alone.

13       In fact, the Court took judicial notice of *Plata*, in its second screening order

14  under 28 U.S.C. § 1915(e)(2)(B), when it denied Bovarie's request for class

15  certification.  (Doc. No. 8 at 2.)  The Court noted, "It appears that the class action

16  Plaintiff is seeking is identical to the class action that already exists in the *Plata* case."

17  (*Id.*)  The R&R, understandably, overlooks this.  Bovarie did not reply to the

18  Defendants' objection to the R&R, but the Court anticipates him arguing that the

19  Court's judicial notice of *Plata* was limited to his request for "certification of a class

20  action lawsuit based on denial of medical care affecting all California Department of

21  Corrections and Rehabilitation's prisoners."  (FAC at 3.)  In other words, *Plata*, while

22  it may preempt class certification of Bovarie's case, doesn't preempt Bovarie's specific

23  claims for injunctive relief.

24       Defendants are right to contest that argument.  "Individual lawsuits for injunctive

25  and declaratory relief may not be brought if there is a class action pending involving

26  the same subject matter."  *Jacobson v. Schwarzenegger*, 357 F.Supp.2d 1198, 1209

27  (C.D. Cal. 2004) (citing *Crawford v. Bell*, 599 F.2d 890, 892–93 (9th Cir. 1979).  It

28  would be one thing if Bovarie sought injunctive relief that is specific to his medical

needs or the circumstances of his incarceration.  But the injunctive relief he seeks is system-wide, structural reform.  (*See* FAC at 71–73.)  That is precisely the objective of the plaintiffs in *Plata.*

Defendants overstate the point slightly by arguing that the Court's prior notice of *Plata* is "the law of the case" and that the Court "has already made a factual finding that the injunctive relief claims in the two cases are identical."  The Court's actual holding was that Bovarie's proposed class action *appeared* to be identical to *Plata*, and it denied Bovarie's request for class certification *without* prejudice.  Moreover, while the initial screening of pro se complaints pursuant to 28 U.S.C. § 1915(e)(2)(B) is undertaken with care, it is undertaken sua sponte and without any input from parties, and is therefore not infallible.  *See Harris v. Lappin*, Case No. 06-CV-664, 2009 WL 789756 at *3 (C.D. Cal. Mar. 19, 2009).   Nonetheless, the sensible conclusion here is that the injunctive relief Bovarie seeks maps closely onto the injunctive relief the plaintiffs in *Plata* seek, and Bovarie can rest assured that the *Plata* litigation is taking the concerns he voices quite seriously.  His claims for injunctive relief are therefore dismissed with prejudice.

**V.    Conclusion**

The Court reaches the following conclusions, almost all of which affirm those of the R&R.

First, Bovarie's claims against all of the Defendants in their official capacities are dismissed, with prejudice.

Second, Tetteh, Ko, and Hodge are dismissed from this case, with prejudice.  They treated Wicken, not Bovarie, and Wicken is not a party to this lawsuit.

Third, Cook, Hammond, and Robinson are also dismissed, with prejudice.  They also did not treat Bovarie but rather were responsible for adjudicating  his medical appeals based on the opinions of other physicians who did treat him.

//

//

1    Fourth, Aymar's motion to dismiss is denied.  Bovarie has alleged sufficient
2  facts to plead an Eighth Amendment claim against her.  However, this claim cannot
3  be based on Aymar's ability to practice or her medical licensing.

4    Fifth, Bovarie's claims for injunctive relief are dismissed, given the pendency of
5  *Plata.*

6    Sixth, because Barreras, Calderon, Khatri, Manaig, and Navamani only moved
7  to dismiss Bovarie's claims against them in their official capacities, along with his
8  claims for injunctive relief, they must answer Bovarie's remaining Eighth Amendment
9  claim and pendant state law claims under California Government Code section 845.6
10  within 20 days of the date this Order is entered.  The same goes for Aymar.

11    Seventh, Bovarie's request for counsel is denied.

12    Eighth, Schwarzenegger, Cates, Tilton, Smelosky,  Almager, and Giurbino are
13  dismissed from this case with prejudice.  Bovarie fails to state a claim against them
14  and the Court believes allowing him to amend his complaint would be futile.

15
16    **IT IS SO ORDERED**.
17  DATED:  March 18, 2010
18
19  **HONORABLE LARRY ALAN BURNS**
    United States District Judge
20
21
22
23
24
25
26
27
28