# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BOVARIE,<br><br>              Plaintiff,<br>v.<br><br>ARNOLD SCHWARZENEGGER, Governor; PRIVATE HEALTH CARE COMPANY, "Company X"; MATTHEW CATES, Secretary of Corrections; JAMES E. TILTON, Former Secretary of Corrections; MICHAEL SMELOSKY, Warden, Centinela State Prison; V.M. ALMAGER, Former Warden, Centinela Prison; G.J. GIURBINO, Former Warden, Centinela Prison; N. BARRERAS, M.D., L. CALDERON, Health Care Manager, Centinela Prison; D. KHATRI, M.D., SUMMER AYMAR, D.O.; MANAIG, R.N.; J. ROBINSON, R.N.; CANDI COOK, Medical Appeals Analyst; TETTEH, M.D.; KO, M.D.; HODGE, N.P.; C. HAMMOND, Staff Services Manager I; NAVAMANI, M.D.; Does 1-20,<br><br>              Defendants. | Civil No.08cv1661 LAB (NLS)<br><br>**ORDER DENYING WITHOUT PREJUDICE APPOINTMENT OF INVESTIGATOR AND EXPERT WITNESSES**<br><br>[Doc. No. 67] |

/ / /

/ / /

/ / /

/ / /

/ / /

Marcus Bovarie (Plaintiff), a California prisoner proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 civil rights action complaining of deliberate indifference to his medical needs. Before the court is Plaintiff's motion asking that the court either appoint an investigator or provide funds to acquire an investigator, and either appoint a medical expert or provide funds for Plaintiff to acquire a medical expert.

Plaintiff argues that the court must appoint an investigator to ease the cost of depositions and the burden to non-party witnesses. He requests appointment of two medical experts--a toxicologist and an internist--because he cannot afford expert witnesses, his incarcerated status hinders his ability to retain expert witnesses, and experts will be necessary to develop his legal theories.

Federal courts may permit commencement of suit without prepayment of fees and costs upon a showing of indigency and allow indigents who are unable to pay the entire filing fee upon filing to pay in installments. 28 U.S.C. § 1915(a)&(b). Section 1915 does not authorize or require federal courts to finance or subsidize a civil action or appeal by paying expert fees or other costs. *Hadsell v. Internal Revenue Service*, 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993). Federal courts do have authority to appoint experts under Federal Rule of Evidence 706: "The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection." Fed.R.Evid. 706(a). Experts appointed by the courts in civil actions must be "paid by the parties in such proportion and at such time as the court directs." *Id.*

Where there are complex and/or compelling circumstances and one party is indigent, federal courts have discretion to appoint an expert and apportion all of the costs to an opponent "when the expert would significantly help the court." *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), overruled on other grounds by *Helling v. McKinney*, 502 U.S. 903 (1991). Expert testimony is not essential in every case alleging a violation of the eighth amendment. *Ledford v. Sullivan*, 105 F.3d 354, 358-360 (7th Cir. 1997). Allegations of mistreatment and the question of whether a defendant prison official disregarded a substantial risk to an inmate plaintiff's health or safety do not always "demand that the jury consider probing, complex questions concerning medical diagnosis and judgment. The test for deliberate indifference is not as involved as that for medical malpractice, an objective inquiry that delves into reasonable standards of medical care." *Id*. at 359.

1   Here, plaintiff alleges physical and psychological suffering due to the deliberate indifference of
2 the prison's medical staff to Plaintiff's health care.  Based on the facts alleged in the complaint, the facts
3 alleged do not appear to be so complex that the trier of fact could not make a fair determination of the
4 key issues without the aid of an investigator or expert witnesses appointed by the court.
5   Accordingly, the court finds it would not be appropriate to appoint either an investigator or any
6 expert witnesses, and Plaintiff's motion is **DENIED without prejudice**.
7   **IT IS SO ORDERED.**
8 DATED:  July 27, 2010

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court