UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BOVARIE,<br><br>　　　　　　Plaintiff,<br>v.<br><br>ARNOLD SCHWARZENEGGER, Governor; PRIVATE HEALTH CARE COMPANY, "Company X"; MATTHEW CATES, Secretary of Corrections; JAMES E. TILTON, Former Secretary of Corrections; MICHAEL SMELOSKY, Warden, Centinela State Prison; V.M. ALMAGER, Former Warden, Centinela Prison; G.J. GIURBINO, Former Warden, Centinela Prison; N. BARRERAS, M.D., L. CALDERON, Health Care Manager, Centinela Prison; D. KHATRI, M.D., SUMMER AYMAR, D.O.; MANAIG, R.N.; J. ROBINSON, R.N.; CANDI COOK, Medical Appeals Analyst; TETTEH, M.D.; KO, M.D.; HODGE, N.P.; C. HAMMOND, Staff Services Manager I; NAVAMANI, M.D.; Does 1-20,<br><br>　　　　　　Defendants. | Civil No.08cv1661 LAB (NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE MOTION TO EXTEND DISCOVERY CUTOFF [Doc. No. 72];**<br><br>**(2) ISSUING FIRST AMENDED SCHEDULING ORDER; and**<br><br>**(3) DENYING PLAINTIFF'S MOTION TO ASK THE COURT'S ASSISTANCE TO CONDUCT DEPOSITIONS BY ALTERNATIVE MEANS [Doc. No. 71].** |

/ / /

/ / /

/ / /

/ / /

/ / /

Marcus Bovarie (Plaintiff), a California prisoner proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 civil rights action complaining of deliberate indifference to his medical needs. Before the court are two motions by Plaintiff: (1) an ex parte motion to extend the discovery cutoff, which Defendants do not oppose; and (2) a motion asking for the court's assistance to conduct depositions by alternative means, which Defendants oppose.

**MOTION TO EXTEND DISCOVERY CUTOFF.**

Plaintiff seeks to extend the discovery cutoff by 180 days. He served numerous discovery requests on Defendants, many of which remain outstanding (five sets of interrogatories, two sets of requests for admission and four sets of requests for production of documents). Defendants asked Plaintiff for 60 additional days to respond to the requests, and Plaintiff initially agreed. Then Plaintiff realized the new response deadline would be close to the overall discovery deadline, so he limited the extension to three weeks. In their response to this ex parte application, the Defendants who have the outstanding discovery ask the court to extend the deadline for them to provide their discovery responses to Plaintiff by 60 days and to extend the discovery cutoff by at least 120 days.

While the court finds there is good cause to extend of the discovery cutoff, it also finds the requested amount of 120 to 180 days is excessive. The court, therefore, **GRANTS IN PART and DENIES IN PART** Plaintiff's motion, and as set forth in the amended scheduling order below, grants an extension of the discovery cutoff for 90 days. The court also **ORDERS** Defendants to respond to all of Plaintiff's outstanding discovery **no later than December 3, 2010**.

**FIRST AMENDED SCHEDULING ORDER.**

For good cause shown, the court amends the scheduling order to reflect the following dates.

**IT IS HEREBY ORDERED**:

1. All discovery, including experts, shall be completed by all parties on or before **February 28, 2011**.

2. All pretrial motions must be filed on or before **March 14, 2011**.

3. Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **May 23, 2011**.

4. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) on or before

**May 31, 2011**.

6. The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **June 6, 2011**, and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6).

7. The final Pretrial Conference currently scheduled for May 2, 2011 is **VACATED and RESET** on the calendar of Judge Burns for **June 13, 2011** at **11:45 a.m.**

8. All non-conflicting provisions of the court's April 26, 2010 scheduling order remain in full force and effect.

**MOTION REGARDING DEPOSITIONS.**

Plaintiff seeks to depose the six Defendants, three of the twenty-six designated medical expert witnesses and three non-party, non-expert witnesses. Plaintiff asks the court to order that the depositions be conducted via video conference or telephone, between Plaintiff's housing at Avenal State Prison and Centinela State Prison, where most of the Defendants work and most of the alleged violations occurred. While Plaintiff does not expressly ask that the court or the Defendants front the costs of the depositions, he says he is an indigent prisoner. Further, in June 2010 Plaintiff filed a motion asking that the court pay for an investigator and medical expert because he could not afford to hire any. For the purposes of deciding this motion, the court assumes that Plaintiff is asking that the depositions be conducted without requiring him to pay the associated costs. Plaintiff argues that the proposed depositions will be the most effective way to prosecute his case, and in his motion he outlines the subject areas he would like to investigate in depositions.

As this court explained in its July 27, 2010 order denying the motion for appointment of an investigator and expert witnesses, federal courts may permit commencement of suit without prepayment of fees and costs upon a showing of indigency and allow indigents who are unable to pay the entire filing fee upon filing to pay in installments. 28 U.S.C. § 1915(a)&(b). Section 1915 does not, however, authorize or require federal courts to finance or subsidize a civil action or appeal by paying fees or other costs associated with litigation. *Hadsell v. Internal Revenue Service*, 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993).

To the extent Plaintiff asks that this court either subsidize or order Defendants to subsidize the costs of conducting the proposed depositions, including the costs of a court reporter and video conference or telephone conference capabilities, the court **DENIES** the motion.  Plaintiff may refile this motion, however, asking for the court's assistance to coordinate a deposition by telephone or video conference **only if** Plaintiff can first show that he has the funds to pay for and will pay for all costs associated with the proposed depositions, including court reporter fees, service of subpoenas and witness fees for non-party witnesses, and costs incurred by the California Department of Corrections to facilitate the available of the video conference or telephonic capabilities.

**IT IS SO ORDERED.**

DATED:  November 2, 2010

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court