# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BOVARIE,<br><br>   Plaintiff,<br>v.<br><br>ARNOLD SCHWARZENEGGER, Governor; PRIVATE HEALTH CARE COMPANY, "Company X"; MATTHEW CATES, Secretary of Corrections; JAMES E. TILTON, Former Secretary of Corrections; MICHAEL SMELOSKY, Warden, Centinela State Prison; V.M. ALMAGER, Former Warden, Centinela Prison; G.J. GIURBINO, Former Warden, Centinela Prison; N. BARRERAS, M.D., L. CALDERON, Health Care Manager, Centinela Prison; D. KHATRI, M.D., SUMMER AYMAR, D.O.; MANAIG, R.N.; J. ROBINSON, R.N.; CANDI COOK, Medical Appeals Analyst; TETTEH, M.D.; KO, M.D.; HODGE, N.P.; C. HAMMOND, Staff Services Manager I; NAVAMANI, M.D.; Does 1-20,<br><br>   Defendants. | Civil No.08cv1661 LAB (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>[Doc. No. 83] |

/ / /

/ / /

/ / /

/ / /

/ / /

**I.     INTRODUCTION**

Marcus Bovarie (Plaintiff), a California prisoner proceeding pro se and *in forma pauperis*, filed this 42 U.S.C. § 1983 civil rights action complaining of deliberate indifference to his medical needs. Before the court is Plaintiff's Motion to Compel Discovery from various Defendants. [Docket No. 83.] On February 8, 2011, Defendants filed a timely Opposition to the Motion to Compel Discovery. [Docket No. 86.] Having considered the arguments of both sides, It Is Hereby Ordered that the Motion to Compel Discovery is Granted in Part and Denied in Part as follows.

**II.    DISCUSSION**

   **A.     Motion to Compel Documents from Defendant Navamani**

At all relevant times, Defendant Navamani was employed as a medical doctor at Centinela Prison. First Amended Complaint ("FAC") ¶ 30. Plaintiff alleges Defendant Navamani examined him on January 25, 2008 in relation to Plaintiff's complaints of kidney and liver pain accompanied by fatigue and weakness. FAC ¶ 54. After examining Plaintiff, Defendant Navamani ordered a computerized tomography ("CT scan."). *Id.* Plaintiff also alleges that Defendant Navamani saw him again on March 5, 2008 and told him to wait for the CT scan. *Id.* at ¶ 55. Finally, Plaintiff alleges that Defendant Navamani saw him again on June 18, 2008, but merely stated that he would again order a CT scan. *Id.* at ¶ 56. Based on these interactions, Plaintiff alleges that Defendant Navamani was aware that Plaintiff had a serious medical condition and purposely and deliberately denied Plaintiff adequate medical care, with deliberate indifference to his needs. *Id.* at ¶ 169.

              1.     <u>Interrogatory Numbers 6-10 and Requests for Production Numbers 2-3</u>

Plaintiff seeks to compel further responses to Interrogatory Number six: "What, if any, facts underlie each defense you have raised in response to the First-Amended Complaint?" Baxter Decl. at p. 2. Defendant Navamani objected on the basis that the request was "overly broad, unduly burdensome because it calls upon the responding party to state every fact in support of numerous contentions contained in a pleading" and that the request was compound, containing multiple subparts and exceeding the allowable number of interrogatories under Civil Local Rule 33.1 and Rule 33(a) of the Federal Rules of Civil Procedure. *Id.*

The Court agrees that seeking every fact that underlies every affirmative defense is unduly

burdensome.  *See e.g. Mancini v. Insurance Corp. of New York*, 2009 WL 1765295 at * 3 (S.D. Cal. Jun 18, 2009); *Bashkin v. San Diego County*, 2011 WL 109229 at * 2 (S.D. Cal. Jan 13, 2011); *Miles v. Shanghai Zhenhua Port of Machinery Co., LTS.*, 2009 WL 3837523 at * 1 (W.D. Wash. Nov 17, 2009).

Additionally, this interrogatory is compound and in violation of both Civil Local Rule 33.1 and Federal Rule of Civil Procedure 33.  Civil Local Rule 33.1 states: "No party will serve on any other party interrogatories which, including discrete subparts, number more than twenty-five interrogatories without leave of court."  Civ. L.R. 33.1(a).  Federal Rule of Civil Procedure 33(a) states: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a).

Plaintiff argues that Interrogatory Number 6 is not compound merely because it "may prove difficult or lead to a long answer."  (Mtn at 6.)  Plaintiff is correct that an interrogatory is not objectionable merely because it may be difficult or require a long answer.  Plaintiff is, however, incorrect in his assertion that Interrogatory Number 6 is not compound.  Plaintiff does not ask a single question that requires a long answer.  Instead, Plaintiff asks for facts about each of  Defendants' affirmative defenses.  An interrogatory that seeks a response as to multiple affirmative defenses is counted as a separate interrogatory for each affirmative defense.  *New Amsterdam Project Management Humanitarian Foundation v. Laughrin* 2009 WL 102816 at *5-6 ( N.D. Cal., January 14, 2009); *White v. Cinemark USA, Inc.,* 2005 WL 3881658 at *3-4 (E.D. Cal. Mar 28, 2005); *cf. Safeco of America v. Rawston,* 181 F.R.D. 441, 446 (C.D. Cal. 1998) (holding interrogatory that seeks facts about multiple requests for admissions should be counted as a separate interrogatory for each request.).  Plaintiff's First Amended Complaint contains 179 paragraphs and Defendants' Answer contains 32 affirmative defenses.  Docket Nos. 6,  61. Accordingly, this one interrogatory violates the limit on the number of interrogatories that can be propounded and the Motion to Compel a further response is denied.

Interrogatory Number 7 seeks identification of all the documents that support the facts stated in response to Interrogatory Number 6.  As Interrogatory Number 6 is unduly burdensome and in excess of the number of interrogatories allowed, the motion is denied as to Interrogatory Number 7.  Request for Production of Documents  No. 2 sought all the documents identified in response to Interrogatory Number 7.  Because the motion is denied as to Interrogatory Number 7, the motion is also denied as to

Request for Production of Documents Number 2.

Interrogatory Number 8 requests: "Please state your contentions as to any matter in the First-Amended Complaint." Defendant Navamani objected again that the interrogatory was unduly burdensome and compound such that it exceeded the numerical limit on interrogatories. Baxter Decl. at p. 2. The interrogatory is even more burdensome than Interrogatory Number 6 and is equally in violation of the numerical limit. Accordingly, the motion is denied as to Interrogatory Number 8.

Interrogatory Number 9 asks: "What, if any, facts support the contentions you stated in your response to Interrogatory Number 8, above." Defendant again objected that the interrogatory was unduly burdensome and compound. Baxter Decl. at p. 3. As Interrogatory Number 8 has been found improper, the motion is denied as to Interrogatory Number 9.

Interrogatory Number 10 asks: "Please identify all documents you believe support the facts you provided in your response to Interrogatory Number 9, above." Defendant objected again on the grounds of burden and numerosity. As the motion has been denied as to Interrogatory Number 9, the motion is also denied as to Interrogatory Number 10. Similarly, because Request for Production of Documents Number 3 seeks all the documents identified in response to Interrogatory Number 10, the motion is also denied as to Request for Production of Documents Number 3.

2.  <u>Interrogatory Numbers 17-19, Request for Production of Documents Number 4</u>

Interrogatory Number 17 asks: "Please identify all documents that record, prescribe, order, request or refer all CT scans you have ordered, while at Centinela State Prison, between the dates of 1/1/2004 and 1/1/2009." Baxter Decl at p. 3. Interrogatory Number 18 seeks identification of the documents that show the dates each of the CT scans referenced in Interrogatory Number 17 were actually provided. Request for Production of Documents Number 4 seeks all the documents identified in response to Interrogatory Number 17. Interrogatory Number 19 seeks identification of the persons responsible for providing CT scans once ordered by the doctor.

Defendant Navamani objected that the requests are unduly burdensome, that he is not the custodian of the records sought, and that providing the information would violate the other inmates' privacy rights. Additionally, Defendant argues that a party need not conduct extensive investigations or research in order to respond to interrogatories. *General Cigar Co., Inc. v. Cohiba Caribbean's Finest,*

*Inc.*, 2007 WL 983855 at * 3 (D. Nev., March 30, 2007). In deciding whether a request is unduly burdensome, a court must balance the burden to the responding party against the benefit to the party seeking the discovery. *Thomas v. Cate*, 715 F.Supp.2d 1012, 1032 (E.D. Cal. 2010).

In this case, Plaintiff needs to show that Defendants were deliberately indifferent to his serious medical needs. Plaintiff argues that the information sought is "very necessary and relevant to the instant case as Plaintiff waited seven months in severe pain for a CT Scan." (Mtn at 8-9). Plaintiff does not, however, explain how information relating to CT scans of other inmates is relevant to show that Defendants were deliberately indifferent to Plaintiff's medical needs. The facts and circumstances of each inmate's medical condition is different and, therefore, the length of time a different patient in a different situation waited for a CT scan would not be relevant to this case.

Additionally, Defendant Navamani does not have direct access to the records. Plaintiff argues that "it can be reasonably expected that Defendant Navamani could gain access to these records." (Mtn at 8.) While it may be reasonable to expect such access, Defendant Navamani has no such access. The California Code of Regulations defines access to prisoner's health records:

> No case records file, unit health records, or component thereof shall be released to any agency or person outside the department, except for private attorneys hired to represent the department, the office of the attorney general, the Board of Parole Hearings, the Inspector General, and as provided by applicable federal and state law. Any outside person or entity that receives case records files or unit health records is subject to all legal and departmental standards for the integrity and confidentiality of those documents.

Cal.Code Regs. tit.xv, § 3370(e). Accordingly, Defendant Navamani lacks access to the requested documents.

This does not, however, end the inquiry. A party must not only produce documents and information it possesses, it must produce all information within its custody or control. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995). This includes documents under the control of the party's attorney. *Meeks v. Parsons*, 2009 WL 3303718 (E.D. Cal. September 18, 2009)(involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000)(A "party must produce otherwise discoverable documents that are in his attorneys' possession,

custody or control."); *Gray v. Faulkner*, 148 F.R.D. 220 (N.D. Ind. 1992)("Documents in the possession of a party's attorney (in this case the Attorney General of Indiana) may be considered to be within the control of the party for purposes of a Rule 34 production request. 10A Federal Procedure, Law Ed. § 26:380, p. 52 (1988).")

The Code of Regulations allows the Office of the Attorney General to obtain these records. The Office of the Attorney General is counsel for all Defendants. Accordingly, the documents and information sought are within the control of Defendants' attorney and therefore, within the control of Defendants. As one court explained:

> By virtue of their employment with non-party CDCR, individual defendants are represented by the Attorney General's Office. It is this Court's experience that either individual defendants who are employed by CDCR and/or the Attorney General can generally obtain documents, such as the ones at issue here, from CDCR by requesting them. If this is the case, then, based on their relationship with CDCR, they have constructive control over the requested documents and the documents must be produced.

*Woodall v. California*, 2010 WL 4316953 at *5 (E.D. Cal. Oct. 22, 2010), *citing Mitchell v. Adams*, 2009 WL 674348 at *9 (E.D.Cal. Mar.6, 2009)(warden sued in individual capacity had constructive control over documents he could obtain from the CDCR); *see also Ochotorena v. Adams*, 2010 WL 1035774, *3 (E.D.Cal. Mar 19, 2010); *Moody v. Finander*, 2010 WL 3911462 (S.D. Cal. October 1, 2010)(requiring individual defendants to respond to document request for records in the custody of CDCR); *Johnson v. Vord*, 2008 WL 3892106 (E.D. Cal. August 21, 2008).

Defendants next object that the search through all the records would be unduly burdensome because Defendant Navamani would have to look through five years of medical records of an unknown number of inmates to determine whether a CT scan was ordered. Defense Counsel, Doug Baxter, submitted a declaration stating that the short time frame allowed for opposition to this motion prevented him from obtaining a declaration from the custodian of records at the CDCR. Baxter Decl. ¶ 13. Attorney Baxter states that he is familiar with the burden associated with records searches at prisons. Attorney Baxter estimates that hundreds of hours of work would be necessary to locate records of inmates for whom CT scans were ordered. Baxter Decl. ¶ 15.

In light of Plaintiff's failure to explain the relevance of the records sought, and the fact that Defendant lacks direct access to the records, no detailed account of the burden of identifying the records

is needed at this time and the Motion to Compel is denied as to Interrogatory Numbers 17-19.

3. <u>Interrogatory Number 23 and Request for Production Number 5</u>

Interrogatory Number 23 asks: "'Please list by log number all inmate appeals of a medical nature that have been filed by inmates of the California Dept. of Corrections and Rehabilitation in regard to your actions or inaction." Request for Production of Documents Number 5 seeks the documents identified in response to Interrogatory Number 23. Defendant objected that the request was unduly burdensome, he is not the custodian of records, and divulging the information sought would violate the inmates' right to privacy. Baxter Decl. at 4.

As discussed above, Defendant does have sufficient control over the documents and information. The objection as to privacy is more complicated. Plaintiff dismisses the objection, claiming that he would not use the documents for any purpose other than to show a pattern of deliberate indifference on the part of Defendant Navamani. This argument does not adequately address the privacy concerns of other inmates who may have filed appeals against Defendant Navamani. In order to determine whether the privacy rights outweigh the need for the information courts in the Ninth Circuit examine and balance the five factors set forth in *Pagano v. Oroville Hospital*, 145 F.R.D. 683, 695-98 (E.D. Cal. 1993):

> (1) the probable encroachment of the individual's privacy right . . . and the magnitude of the encroachment; (2) whether the encroachment of the privacy right would impact an area that has traditionally been off limits for most regulation; (3) whether the desired information is available from other sources with less encroachment of the privacy right; (4) the extent to which the exercise of the individual's privacy rights impinge on the rights of others; and (5) whether the interests of society at large encourage a need for the proposed encroachment.

*Soto v. City of Concord*, 162 F.R.D. 603, 618 (N.D. Cal. 1995)(*citing Pagano v. Oroville Hospital*, 145 F.R.D. 683, 695-98 (E.D. Cal. 1993).

In this case, the encroachment is severe, as revealing the appeals would necessarily reveal medical information, an area generally off limits. Plaintiff claims that he will not use the information for any other purpose other than prosecuting this litigation. Plaintiff cannot, however, dispute the fact that he is seeking access to many inmates' private medical records. Moreover, Plaintiff's rights will not be adversely affected as Plaintiff has not demonstrated any relevance for the records sought. Plaintiff must prove that Defendants were deliberately indifferent to his serious medical need. The medical records of other inmates will not shed any light on the question in this litigation. *Valenzuela v. Smith*,

2006 WL 403842 (E.D. Cal. Feb 16, 2006)(rejecting argument that all complaints against defendants while employed by CDC were relevant to show a pattern of deliberate indifference to medical needs of prisoners); *Johnson v. Vord*, 2008 WL 3892106 (E.D. Cal August 21, 2008)(denying production where plaintiff made no showing of relevance and request was overly broad as to time frame and type of medical treatment); *Holestine v. Terhune*, 2003 WL 23281594, * 10 (N.D. Cal. Nov. 21, 2003)(denying production of appeals of other inmates.); *Garrett v. Walker*, 2007 WL 3342522 (E.D. Cal. Nov. 9, 2007)(finding burden outweighed relevance for all appeals of deliberate indifference to inmate health and safety); *Blue v. Grannis*, 2007 WL 2758025 (E. D. Cal. Sept. 21, 2007)(denying motion to compel all grievances against defendant because "evidence of prior accusations against defendant do not bear on any material issue in this matter.")  Finally, it would not be in the societal interest to allow dissemination of private medical records that are not relevant to the lawsuit.

In light of the serious and weighty privacy concerns, as well as the failure of Plaintiff to assert any relevance for the documents sought, the Motion to Compel is denied as to Interrogatory Number 23 and Request for Production of Documents  5.

    4.  Requests for Admission

The goal of Requests for Admission is to eliminate from the trial issues as to which there is no genuine dispute and, therefore, Requests for Admissions are not intended to be used as means of gathering evidence. *Google Inc. v. American Blind & Wallpaper Factory, Inc*., 2006 WL 2578277 (N.D. Cal. Sep. 06, 2006)("the propriety of using requests for admission to gather information about discovery is questionable, at best."), *objections overruled by Google Inc. v. American Blind & Wallpaper Factory, Inc.*, 2006 WL 3050866 (N.D. Cal. Oct 23, 2006); *see also  Woodall v. California*, 2010 WL 4316953 at *3 (E.D. Cal. October 22, 2010)("requests for admissions are not principally discovery devices and should not be used as a substitute for other discovery processes to uncover evidence."). Accordingly, requests for admissions "are required to be simple and direct, and should be limited to singular relevant facts." *Id.* at 446 (citation omitted); *see also  U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006) ("Requests for admissions may not contain compound, conjunctive, or disjunctive (e.g., 'and/or') statements.")*; Williams v. Adams*, 2009 WL 1220311 at *10-11 (E.D. Cal. May 4, 2009) (denying motion to compel responses to compound requests

for admission.)

          a.       Requests for Admission Numbers 6-9, 11, 14-15

Plaintiff propounded Requests for Admission ("RFAs") asking Defendant to admit that "It is not within the Medical Standard of the Medical professional community in California": 1) "when a Medical doctor disregards a patient's long term, persistant [sic], regular, severe pain." (RFA 6); 2) "for a medical doctor to allow their patient to needlessly suffer pain" (RFA 7); 3) "for a medical doctor to disregard a known risk to their patient's health." (RFA 8); 3) "for a medical doctor, who is diagnosing their patient, to disregard specific descriptions by said patient, of location and level of pain" (RFA 9). Plaintiff also sought admissions that: 1) "Inmates of the California Dept. of Corrections and Rehabilitation did not receive the same level of medical care as the rest of the (Free) society of California in 2007 and 2008." (RFA 11); 2) "A higher standard of medical care is required by the medical standard of the medical professional community in California than the right to adequate medical care for prisoners established by the Eighth Amendment to the Constitution of the United States." (RFA 14); and 3) "It is much more difficult for a medical professional in California to violate the Eighth Amendment's ban on cruel and unusual punishment than it is to violate the medical standard of the medical professional community. (RFA 15).

Defendant objected to these Requests for Admission, claiming they improperly seek pure conclusions of law. Requests for Admissions may not be used to compel an admission of a conclusion of law. *Trustees of Eighth Dist. Elec. Pension Fund v. Craft Elec. Co.*, 2010 WL 1410578 ( D.Idaho, March 31, 2010), *quoting Playboy v. Welles*, 60 F.Supp.2d 1050, 1057 (S.D.Cal.1999); *see also Rodriguez* v. U.S., 2008 WL 5381240 at *2 (S.D.Cal. Dec 22, 2008). Accordingly, the Motion to Compel is denied as to Requests for Admission Numbers 6-9, 11, 14-15.

          b.       Requests for Admission Number 10

Plaintiff also asked Defendant to admit: "If a patient experiencing long term, persistant [sic], regular, severe pain does not receive medical treatment for their pain, their pain can be reasonably expected to continue." (RFA 10). Defendant objected that Request Number 10 poses an incomplete hypothetical. Requests for Admission are improper where the Request contains an incomplete hypothetical. *Friedman v. Godiva Chocolatier, Inc.*, 2010 WL 4009660 (S. D. Cal. October 13, 2010.)

Accordingly, the Motion to Compel is denied as to Requests for Admission Number 10.

     c.  Requests for Admission Number 12

Plaintiff asks Defendant to admit "A Federal Reciever [sic] was placed in charge of medical care within the California Dept. of Corrections and Rehabilitation due to the finding, by a Federal Court, that inmates of the California Dept. of Corrections were not provided adequate medical care." (RFA 12.)

Defendant objected to this Requests for Admission, asserting it called for a conclusion of law and is compound. Defendant is correct on both counts and the Motion to Compel is denied as to Request for Admission Number 12.

  **B.**  **Motion to Compel Discovery from Defendant Khatri**

On August 1, 2007, Defendant Khatri, a medical doctor at Centinela prison, examined Plaintiff and ordered a blood test. (FAC at ¶¶42-43.) Plaintiff's blood was drawn and tested and Plaintiff received the results of the tests. (FAC ¶ 44.) Plaintiff claims that Defendant Khatri was deliberately indifferent to Plaintiff's serious medical need.

    1.  <u>Interrogatory Numbers 6-10 and Request for Production of Documents Number 2</u>

Interrogatory Numbers 6-10 and Request for Production of Documents Number 2 propounded upon Defendant Khatri are the same as those propounded on Defendant Navamani. For the reasons described above, the motion is denied as to these Interrogatory Numbers and Request for Production of Documents.

    2.  <u>Interrogatory Numbers 16 and 20</u>

Interrogatory Number 16 asks: ""Please explain how the location of a patient's pain is important to the determination of an accurate diagnosis." Interrogatory Number 20 asks: "If a patient has been experiencing regular, peristant [sic], severe pain, can that patient's pain reasonably be expected to continue without treatment." Defendant Khatri objected that these interrogatories are vague and ambiguous and unduly burdensome in that they call for an opinion without sufficient foundational facts. Baxter Decl. at pp 10-11.

An interrogatory that is otherwise proper is not rendered improper merely because it calls for an opinion. Rule 33 provides:

  An interrogatory is not objectionable merely because it asks for an opinion or contention

>that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a)(2). When an interrogatory calls for a factual opinion, however, it must relate to the facts of the case. *See Kinnee v. Shack, Inc.* 2008 WL 1995458 at *2 (D. Or. May 6, 2008); *McClain v. Mack Trucks, Inc*., 85 F.R.D. 53, 59 (E.D.Pa.1979)(interrogatory calling for an opinion "must be phrased with particularity."). *cf* Fed. R. Civ. P. 33 1970 advisory committee's note ("On the other hand . . . interrogatories may not extend to issues of 'pure law,' i.e., legal issues unrelated to the facts of the case.)

Interrogatory Numbers 16 and 20 seek opinions that are not tied to the particular facts of this case. As such they are improper and the Motion to Compel is denied as to these interrogatories.

3. <u>Interrogatory Number 25 and Request for Production of Documents  Number 5</u>

Interrogatory Number 25 and Request for Production of Documents Number 5 propounded upon Defendant Khatri seek all inmate appeals of a medical nature filed against Defendant Khatri. These requests are identical to Interrogatory Number 23 and Request for Production of Documents  Number 5 propounded on Defendant Navamani. For the reasons discussed above, the Motion to Compel is denied as to Interrogatory Number 25 and Request for Production of Documents  Number 5.

4. <u>Requests for Admission Number 4</u>

Plaintiff asks Defendant Khatri to admit: "Inmate appeals have the following levels: 1) informal; 2) formal; 3) second level; and, 4) Director's level (or third level)." Defendant Khatri objected that the request seeks a pure conclusion of law, divorced from the facts of this case. Baxter Decl. p. 13. The Court need not determine whether this Request for Admission presents a pure question of law, however, because it is not tied the facts of this case and not relevant to any issue presented in the case. Accordingly, the Motion to Compel is Denied as to Request for Admission Number 4.

5. <u>Request for Admission Number 7</u>

Plaintiff asks Defendant Khatri to admit; "An inmate appeal that seeks medical care is, in effect, a request for medical care." Defendant objected that the request is vague and ambiguous and, to the extent it seeks the legal effect of an appeal, seeks an opinion on a pure question of law. Defendant then responded that some inmates might view an appeal as a request for medical care. Baxter Decl. at pp 13-

14. Plaintiff argues that Defendant is a prison doctor and, therefore, qualified to answer this question. To the extent that Plaintiff sought Defendant Khatri's opinion, Defendant has answered this request appropriately. To the extent that the request sought the legal import of an appeal, it improperly seeks a pure legal conclusion. Accordingly, the Motion to Compel is denied as to Request for Admission Number 7.

### C.     Motion to Compel Discovery from Defendant Calderon

Defendant Calderon was the Acting Health Care Manager of Centinela during the relevant time period. (FAC ¶ 16.) Defendant Calderon read and approved the second level response to Plaintiff's first grievance (Log Number CEN-07-00778.) (FAC ¶ 81, Ex. A.) Based on this action, Plaintiff claims` that Defendant Calderon was deliberately indifferent to Plaintiff's serious medical needs.

#### 1.     Interrogatory Numbers 6-10 and Request for Production of Documents Number 2

Interrogatory Numbers 6-10 and Request for Production of Documents Number 2 propounded upon Defendant Calderon are the same as those propounded on Defendant Navamani. For the reasons described above, the motion is denied as to these Interrogatory Numbers and Request for Production of Documents.

#### 2.     Interrogatory Number 3 and Request for Production of Documents Number 1

Interrogatory Number 1 asked whether Defendant Calderon was ever deliberately indifferent to Plaintiff's serious medical needs. Defendant Calderon responded that, as Acting Health Care Manager, he is not a medical professional and did not provide any medical care; that he was never aware that Plaintiff had a serious medical condition; and was not aware of any facts leading him to believe Plaintiff needed additional medical care. Defendant Calderon continued: "To the extent I had any involvement in the review (in connection with reading and approving a response to a 602 appeal) of the medical care that Plaintiff was receiving, I always relied in good faith on the medical opinions and recommendations of the trained medical professionals." (emphasis added.) Interrogatory Number 3 seeks identification of all documents Defendant Calderon believes support his answer to Interrogatory Number 1. Request for Production of Documents Number 1 seeks all the documents identified in response to Interrogatory Number 3. Defendant Calderon responded "Not applicable" to both requests. Baxter Decl at pp. 14,18.

Plaintiff moves to compel further responses, arguing that Defendant Calderon answered "no" to

Interrogatory Number 1 and admitted involvement in Plaintiff's medical care, by admitting he reviewed the appeal related to the medical care.   Defendant Calderon argues that he has fully answered the question, he was not involved in Plaintiff's care and cannot produce documents to prove his lack of involvement.  Defendant Calderon, however, offers to amend his response to state that all of Plaintiff's medical records which were relied upon by the health care providers and appeal responders are responsive.  With that amendment, Defendant Calderon has adequately responded to these requests.  Accordingly, the  Motion to Compel is Granted as to Interrogatory Number 3 and Granted as to Request for Production of Documents Number 1. As described above, Defense counsel from the Attorney General's office has access to Plaintiff's medical records.  Defense counsel is specifically ordered to produce to Plaintiff a complete set of his medical records and all responses to his appeal.

3. Interrogatory Numbers 13-18,  Request for Production of Documents Number 4

The Interrogatories and responses are as follows:

| INTERROGATORY NO. AND TEXT | DEFENDANT CALDERON'S RESPONSE |
|---|---|
| 13. Did you respond to the inmate appeal (for purposes of theses interrogatories, "the inmate appeal" refers to the inmate appeal filed by Plaintiff on 06/21/07, Log No. CEN-D-07-00778 regarding medical care for which a second level response was issued dated 10/12/07)? | 13. With respect to the inmate appeal under log number CEN-D-07-00778, I cannot presently confirm whether this appeal was actually filed by Plaintiff on June 21, 2007 (assuming that term is used in the plain sense of the date on which a document is submitted to someone for review). Regardless, as Acting HCM, my responsibilities included the review and approval of health care responses at the Second Formal Level.  I did not prepare responses or respond to appeal CEN-D-07-00778. At that time, the Health Care Appeals Analyst reviewed medical files, consulted with health care staff, interviewed inmates (when appropriate) and "prepared" the appeal responses at three institutional levels (informal, first, and second). |
| 14. If your answer to Interrogatory No. 13, above, was yes, is there an accurate representation of your responce [sic] to the inmate appeal contained within Exhibit A to the First Amended Complaint at Document 6-1, page 4 of 52? | 14. Not applicable. |
| 15. If your answer to Interrogatory No. 13, above, was yes, please identify all documents you believe support your responce [sic] to the inmate appeal. | 15. Not applicable. |

| | |
|---|---|
| 16. If your answer to Interrogatory No. 13, above, was yes, did you conduct any interviews in the process of developing and issuing your responce [sic] to the inmate appeal? | 16. Not applicable. |
| 17. If your answer to Interrogatory No. 16, above, was yes, please provide the full names and positions of all persons you interviewed. | 17. Not applicable. |
| 18. If your answer to Interrogatory No. 13, above, was yes, could you have recommended medical care or diagnostics for Plaintiff if you found a need for medical care or diagnostics indicated for Plaintiff? | 18. Not applicable. |

This dispute appears to center on the meaning of "respond" in the context of an inmate appeal. Defendant Calderon answered that he reviewed and approved the response, but he did not respond to the appeal. In short, Defendant Calderon asserts that he did not "respond" to the appeal because he did not prepare the response. Plaintiff views the matter differently. According to Plaintiff, the clear and usual meaning of the word "respond" includes reviewing and approving the response. Plaintiff reasons that, because the Calderon's approval was necessary for the response to issue, Defendant Calderon responded to the appeal.

The facts are not in dispute. Defendant Calderon did not prepare the response, but he did review and approve the response. Interrogatory Number 13 asks Defendant Calderon "did you respond" to the appeal. Defendant Calderon provided a clear response indicating his involvement in the response. Because Defendant Calderon admits he reviewed and approved the response, he should have responded to Interrogatory Numbers 14-18 instead of stating "Not Applicable." Accordingly, the Motion to Compel is Granted as to Interrogatory Numbers 14-18. Request for Production of Documents Number 4 seeks all documents identified in response to Interrogatory Number 15. Because the Motion is Granted as to Interrogatory Number 15, the Motion is also Granted as to Request for Production of Documents Number 4.

    4. <u>Interrogatory Number 21 and Request for Production of Documents Number 5</u>

Interrogatory Number 21 asks: " Please identify all documents that proclaim, describe, list, or define all rules or regulations that pertain to inmate appeals of a medical nature in place in October of 2007." Request for Production of Documents Number 5 sought all documents identified in response to

Interrogatory Number 21. Defendant Calderon objected that the request is vague and ambiguous as to whether it seeks all documents in the CDCR and whether it seeks an analysis of all possible sources of law and rules on the subject of inmate appeals. Defendant Calderon also objected that the interrogatory is unduly burdensome because it would require "inordinate time periods of research" and because the interrogatory calls for a pure conclusion of law. Baxter Decl. p. 17.

In this motion, Plaintiff agrees to limit his request to rules in effect in October of 2007. Defendant Calderon responds that the request is still unduly burdensome because it applies to the entire CDCR system and different prisons have different regulations. Defendant again asserts the work-product immunity, claiming the interrogatory requires Defendant to identify sources of law. Plaintiff argues that Defendant Calderon could not review and approve responses without being aware of the applicable rules.

At the heart of this problem is Plaintiff's need to understand the rules and regulations that were in effect at Centinela at the time of his medical appeals in 2007 and 2008. The Court is sensitive to the burden of having to identify every document that might describe a rule or regulation in effect. The Court is also unwilling to invade the work-product immunity and require Defendant to reveal research done by his attorney in the course of representation. Balancing the interests, the Motion to Compel is Granted as to Interrogatory Number 21 **as revised:** Identify all rules or regulations that pertained to the inmate appeals at issue in this case and any documents defining the rules or regulations which you were aware of at the time you reviewed and approved the response to my appeal. The Motion to compel is also Granted as to Request for Production of Documents Number 5.

       5.    <u>Interrogatory Number 22 and Request for Production of Documents  Number 6</u>

Interrogatory Number 22 seeks: "all documents that define the duties of Health Care Manager of Centinela State." Defendant objected that the request was vague and ambiguous as to time and responded that no such documents were available. Request for Production of Documents Number 6 seeks all documents identified in response to Interrogatory Number 22. Defendant Calderon responded that he is unaware of any such documents. In the Motion to Compel, Plaintiff argues that a prison surely has a document defining the duties of the health care manager. Defendant Calderon merely asserts that he has responded fully.

1    The court has no reason to doubt Defendant Calderon's statement that he is unaware of any such
2 documents. Nonetheless, it is highly likely that at least one such document exists and Defendant
3 Calderon does not describe the reasonable efforts he has made to locate responsive documents.
4 Accordingly, the Motion to Compel is Granted as to Interrogatory Number 22 and Document Request
5 Number 6. If Defendant Calderon cannot describe and produce any responsive documents, he shall
6 provide the court with a declaration under penalty of perjury describing the reasonable efforts he and his
7 counsel undertook to locate responsive documents.

8    **D.    Motion to Compel Discovery from Defendant Barreras**

9    Defendant Barreras was Chief Medical Officer at Centinela during part of the relevant time
10 period. FAC ¶ 13. Plaintiff filed his second appeal (Log number CEN 07-1386) relating to his medical
11 care. FAC ¶¶ 92. Defendant Barreras completed the second level response, which denied the appeal.
12 FAC ¶ 93. Plaintiff claims that Defendant Barerras was deliberately indifferent to Plaintiff's serious
13 medical need.

14         1.    Interrogatory Number 6

15    Interrogatory Number 6 seeks the facts underlying each defense raised in response to the FAC.
16 For the reasons described above in relation to Defendant Navamani, the Motion to Compel is Denied as
17 to this Interrogatory.

18         2.    Interrogatory Number 7

19    Interrogatory Number 7 asks: "If a limited diagnostic tool/test showed negative or inconclusive
20 results for a patient but that patient was still in pain what should be done?" Defendant Barreras objected
21 that the Interrogatory Number 7 is vague and ambiguous because it calls for an opinion without
22 sufficient facts, does not define "limited diagnostic tool/test", or explain any details of the patient's
23 condition. Baxter Decl. at p. 20.

24    This interrogatory is similar to Interrogatory Numbers16 and 20 propounded on Defendant
25 Khatri. Because this interrogatory seeks an opinion based on an incomplete hypothetical and is
26 unrelated to the facts of this case, it is improper. *Kinnee v. Shack, Inc.* 2008 WL 1995458 at *2 (D. Or.
27 May 6, 2008); *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 59 (E.D. Pa.1979)(interrogatory calling for
28 an opinion "must be phrased with particularity." Accordingly, the Motion to Compel is Denied as to

Interrogatory Number 7.

//

### 3. Interrogatory Number 12

Interrogatory Number 12 asks: "Please describe all medical care provided to Plaintiff between the dates of 6/14/07 and 11/1/08 that you feel was inadequate." Defendant Barreras objected that this Interrogatory is inherently vague and ambiguous because it calls for an opinion without sufficient foundational facts. The Court cannot agree; the interrogatory is clear in seeking an opinion about a specific set of facts: the care Plaintiff received between June of 2007 and October of 2008.

Defendant Barreras next objects that the Interrogatory is vague and ambiguous due to failing to define whether Plaintiff was seeking an opinion as to only care given by Defendant Barreras. The Court cannot agree because the interrogatory asks about "all care" which is clear upon its face and means "all care." Defendant Barreras also objects that the interrogatory is compound and contains discrete subparts, causing the interrogatories to exceed the allowed number. The court disagrees. Plaintiff asks a single question about the adequacy of his course of medical care and there are no discrete or independent questions involved. *See Trevino v. ACB American, inc.* 232 F.R.D. 612 (N. D. Cal. 2006), *Safeco of America v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998), *Kendall v. GES Exposition Services*, 174 F.R.D. 684 (D. Nev.1997).

Defendant Barreras next objects that the interrogatory is vague and ambiguous because the term "inadequate" is not defined. In the context of a claim for deliberate indifference to serious medical need, "inadequate" is not a term of art. *See, e.g. Jackson v. McIntosh* 90 F.3d 330, 332 (9th Cir. 1996) (Deliberate indifference claim requires proof that the course of care was "medically unacceptable."). Thus, the interrogatory does not specify what standard is to be used to evaluate the adequacy of care.

Defendant Barreras next objects that this interrogatory is unduly burdensome because it seeks "conclusions and opinions about an unlimited and virtually infinite set of patient-specific medical circumstances." Although the Court cannot agree that Patient's care for a 16 month period involving fourteen medical visits is "virtually infinite," asking Defendant Barreras to review all care given in this period is burdensome. As Defendant Barreras argues, the interrogatory seeks opinions about "multiple discrete events of medical care over a prolonged period of time."

1    Defendant's objections have some merit.  Plaintiff is seeking an opinion as to the adequacy of
2 care given over 16 months during at least 14 medical visits.  In light of the ambiguity of the word
3 "inadequate" in this context and the breadth of the opinions sought as to the adequacy of all of the care
4 received by Plaintiff, this interrogatory is unduly burdensome and the Motion to Compel is denied as to
5 Interrogatory Number 12.

6    **E.    Motion to Compel Discovery from Defendant Manaig**

7    Defendant Manaig is a Registered Nurse employed at Centinela.  Plaintiff saw Defendant
8 Manaig on June 25, 2007.  FAC ¶ 37.  Defendant Manaig conducted a dipstick urinalysis and referred
9 Plaintiff for a mental health screening.  FAC ¶¶ 39-40.  Plaintiff again saw Defendant Manaig on
10 December 17, 2007, when Defendant Manaig scheduled Plaintiff for a visit with a doctor.  FAC ¶¶ 52-
11 53.  Plaintiff asserts that Defendant Manaig was deliberately indifferent to Plaintiff's serious medical
12 need.

13    Plaintiff seeks to compel a further response to Request for Admission Number 2: " Regular,
14 persistant [sic], severe pain is a serious medical need."  Defendant Manaig objected: "This request for
15 admission calls for a pure conclusion of law, divorced from any patient-specific or case-specific facts."
16 As discussed above in connection with the requests for admission propounded on Defendant Navamani,
17 Requests for Admissions may not be used to compel an admission of a conclusion of law.  *Trustees of*
18 *Eighth Dist. Elec. Pension Fund v. Craft Elec. Co.*,2010 WL 1410578 ( D. Idaho, March 31, 2010),
19 *quoting Playboy v. Welles*, 60 F.Supp.2d 1050, 1057 (S.D.Cal.1999).  Accordingly, the Motion to
20 Compel is Denied as to Defendant Manaig.

21  **III.    CONCLUSION**

22    Accordingly, the It Is Hereby Ordered that:

23        1.    Plaintiff's Motion to Compel Discovery is Granted as to the following discovery
24            propounded on Defendant Calderon:
25            a.    Request for Production of Documents  No. 1, limited to Plaintiff's
26                medical record and appeal record and Interrogatory Number 3, as
27                Defendant Calderon offered to modify the response;
28            b.    Interrogatory Numbers 14-18 and Request for Production of Documents

Number 4;

        c. Request for Production of Documents Number 5 and Interrogatory Number 21 **as revised:** Identify all rules or regulations that pertained to the inmate appeals at issue in this case and any documents defining the rules or regulations which you were aware of at the time you reviewed and approved the response to my appeal;

        d. Interrogatory Number 22 and Request for Production of Documents Number 6;

2. The Motion is Denied in all other respects; and

3. Defendants shall provide the discovery required by this Order no later than **March 9, 2011.**

**IT IS SO ORDERED.**

DATED: February 22, 2011

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court